UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVELL SCOTT,

       Plaintiff,                      CASE NO.:

vs.                                           HON.

CITY OF DETROIT, a Michigan municipal
corporation, d/b/a CITY OF DETROIT
POLICE DEPARTMENT, KERRY PETTIES,
in his individual and official capacity,
EDWARD JACKSON, in his individual and
official capacity, RANSON WILLIAMS, in his
individual and official capacity, jointly and severally,

       Defendants.
_____/
JOEL B. SKLAR P38338
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
313-963-9310 (fax)
joel@joelbsklarlaw.com

TODD RUSSELL PERKINS (P55623)
Co-counsel for Plaintiff
450 W. Fort Street, Suite 200
Detroit, MI 48226
313-964-1702
313-964-1980 (fax)
tperkins@perkinslawgroup.net
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, Lavell Scott, files this Complaint and Jury Demand against Defendants City of Detroit d/b/a City of Detroit Police Department, Kerry Petties, Edward Jackson and Ranson Williams, and says:

## JURISDICTION AND PARTIES

1. The jurisdiction of the court over this case arises under 28 U.S.C. §§ 1331, 1343(3), 2201 and 2202. This is a proceeding pursuant to 42 U.S.C. § 1983 to redress the violation of rights and liberties guaranteed to Plaintiff by the Fourteenth and Fourth Amendments to the Constitution of the United States, which occurred on or about March 25, 2015. Plaintiff also presents claims under Michigan tort law and invokes the court's supplemental jurisdiction accordingly. Venue is properly laid in the Eastern District of Michigan, *per* 28 U.S.C. § 1391(a)(1) and (2), since the events giving rise to the claim occurred in Wayne County, Michigan and the Defendants are located there.

2. Plaintiff, Lavell Scott, is a resident of Wayne County, Michigan.

3. For all pertinent circumstances, Defendants, Kerry Petties, Edward Jackson and Ranson Williams, were members of the City of Detroit Police Department and each acted under color of law.

4. Defendant, City of Detroit d/b/a City of Detroit Police Department, is a Michigan municipality, which employed the individual defendants and had

responsibility for their training and supervision in all pertinent circumstances, the City acted under color of law as a matter of course.

## **GENERAL ALLEGATIONS**

5. In recent times, the City of Detroit Police Department has experienced scandals and shake-ups as a result of corruption in its various departments, including the narcotics unit that has been disbanded as a result of this corruption.

6. These circumstances produced an unfortunate culture of misconduct by City of Detroit officers.

7. That culture of misconduct is evident in the events of March 5, 2015 to which Plaintiff was subjected, as outlined herein.

8. On March 5, 2015, Plaintiff was one of five young black men in a house when it was raided by the Detroit Police Department ("DPD") as a result of a search warrant executed at 19202 Lenore, Detroit, Michigan.

9. Upon entry of the property, the officers immediately started shooting a puppy located in the property with his pistol. The officer chased the puppy through the living room, down a hallway, through the kitchen and dining room, firing at least ten shots. Ultimately, the puppy died from the multiple gunshot wounds.

10. Plaintiff then stated to Officer Edward Jackson, "you didn't have to shoot that puppy like that," to which Officer Edward Jackson responded with "oh

this puppy?" and proceeded to fire a shotgun blast into the dog's body, ripping it in half.

11. At that point, Officer Edward Jackson told Plaintiff to keep his "f-ing mouth shut" and the officers proceeded to laugh at the dog's bloody carcass.

12. Twenty to thirty minutes later, the officers found drugs somewhere in the kitchen. The officers asked the occupants of the home who the drugs belonged to. When no one responded, the officers said, "Okay big mouth, these are your drugs" and placed Plaintiff under arrest.

13. This was done despite the officers being aware that the description of the person listed in the search warrant was a severe deviation from the Plaintiff.

14. At Plaintiff's preliminary exam, the officers threatened to kick Plaintiff's ass, and two weeks later, they carried through on that threat while Plaintiff was visiting his girlfriend at the property and his visit was interrupted by the officers who proceeded to beat Plaintiff terribly for having "a big mouth."

15. Plaintiff needed 22 stitches to close the laceration in his mount and lost some teeth and sustained other injuries.

16. Complaints were made to the Detroit Police Department Internal Affairs Unit regarding the use of excessive force by the Defendants and Internal Affairs willfully ignored said complaints and failed to investigate or otherwise follow up on these complaints.

17. Throughout Plaintiff's preliminary exam, the Defendants told repeated lies in an effort to send Plaintiff to jail for something he did not do.

18. Despite multiple complaints of false police reports and perjury committed by Defendants, with tangible proof offered, the Detroit Police Department's Internal Affairs Division willfully ignored said complaints and failed to investigate or otherwise follow up on these complaints.

## COUNT I – 42 U.S.C. § 1983 − EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

19. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

20. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit or in equity, or other appropriate proceeding for redress.

21. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

22. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Detroit Police Officers and their acts or omissions were conducted within the scope of their official duties or employment.

23. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

24. Plaintiff also had the clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

25. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

26. Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

27. Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Fourteenth Amendment Rights of Plaintiff.

28. Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

29. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

30. None of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers despite being in a position to do so. Therefore, each are liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

31. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

32. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

33. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

34. These individual Defendants acted in concert and joint action with each other.

35. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

36. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

37. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

38. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses.

39. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

40. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT II – 42 U.S.C. § 1983 – MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

41. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

43. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

44. The individual Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

45. The individual Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for Delivery/Manufacture of a Controlled Substance against Plaintiff without probable cause, a charge that was eventually dismissed by the Wayne County Prosecutor.

46. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

47. The procurement of prosecution against Plaintiff for the known to be false allegations of Delivery/Manufacture of a Controlled Substance were malicious, shocking, and objectively unreasonable in light of the circumstances.

48. Those criminal proceedings terminated in Plaintiff's favor. The prosecutor dropped the charges without any compromise by Plaintiff, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

49. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

50. These individual Defendants acted in concert and joint action with each other.

51. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

52. Defendants are not entitled to qualified immunity for the complained of conduct.

53. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

54. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as

described herein entitling him to compensatory and special damages, in amounts to be determined by trial.

55. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**COUNT III − VIOLATION OF 42 U.S.C. § 1983 − DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH, FOURTEENTH AND IN VIOLATION OF 42 U.S.C. § 1981 (AGAINST CITY OF DETROIT)**

56. Plaintiff hereby incorporates all other paragraphs of this Complaint s if fully set forth herein.

57. Plaintiff had the following clearly established rights at the time of the complained of conduct:

   a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

   b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; and

   c. the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

58. Defendant City knew of should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

59. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

60. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages. Defendants are not entitled to qualified immunity for the complained of conduct.

61. Defendant City was at all times relevant, policymakers for the City of Detroit Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

62. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Landau's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

63. Defendant City, through its Police Department, has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-

standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

64. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervisions is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

65. The deliberately indifferent training and supervision provided by Defendant City resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant City and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

66. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses are described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

67. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Internal Affairs Unit of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention to voluntarily correct despite obvious need and requests for such correction.

## COUNT IV − ASSAULT AND BATTERY

68. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

69. The physical mistreatment of Plaintiff by the individual Defendants constitutes assault and battery under Michigan law.

## COUNT V − INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

71. The physical mistreatment of Plaintiff by the individual Defendants constitutes intentional infliction of emotional distress under Michigan law; their actions were extreme and outrageous (gratuitous, unnecessary and violent behavior by law enforcement officers), willful (framing Plaintiff for Possession With Intent to Distribute (greater than 50), all of which was designed to produce, and did

produce, embarrassment and humiliation, with resulting emotional distress, on the part of Plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. That upon a trial on the merits, it enter judgment in Plaintiff's favor against the Defendants in an amount that affords full and fair compensation for all damages suffered by Plaintiff as a matter of federal law.

b. That upon trial on the merits, it award punitive damages to Plaintiff against the individual Defendants, Kerry Petties, Edward Jackson, and Ranson Williams, as the circumstances warrant.

c. That it conduct a jury trial to assess liability and damages.

d. That it award Plaintiff damages and costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988 and grant any other relief to which Plaintiff may be entitled.

e. That it award Plaintiff any other damages under Michigan law to which Plaintiff may be entitled.

Respectfully submitted,

 /s/ *Joel B. Sklar*
**JOEL B. SKLAR P38338**
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
313-963-9310 (fax)
joel@joelbsklarlaw.com

and

 /s/ *Todd Russell Perkins*
TODD RUSSELL PERKINS (P55623)
Co-counsel for Plaintiff
450 W. Fort Street, Suite 200
Detroit, MI 48226
313-964-1702
313-964-1980 (fax)
tperkins@perkinslawgroup.net

Dated: March 1, 2018

## JURY DEMAND

Plaintiff demands a jury trial of this cause.

                Respectfully submitted,

                */s/ Joel B. Sklar*
                **JOEL B. SKLAR P38338**
                Attorney for Plaintiff
                500 Griswold, Suite 2450
                Detroit, MI 48226
                313-963-4529
                313-963-9310 (fax)
                joel@joelbsklarlaw.com

                and

                */s/ Todd Russell Perkins*
                TODD RUSSELL PERKINS (P55623)
                Co-counsel for Plaintiff
                450 W. Fort Street, Suite 200
                Detroit, MI  48226
                313-964-1702
                313-964-1980 (fax)
                tperkins@perkinslawgroup.net

Dated:  March __, 2018